UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

TANH HUU LAM,

        Defendant.

CR. No. S-97-0054 WBS

<u>ORDER</u>

----oo0oo----

On September 15, 2004 defendant, a federal prisoner proceeding <u>pro se</u>, filed a new Motion for Relief Under Rule 60(b). The United States filed an opposition to the motion, and defendant's reply was filed October 28, 2005.

PROCEDURAL BACKGROUND

On June 25, 1999, defendant entered a plea of guilty to the charge arson resulting in death, in violation of 18 U.S.C. § 844(i). As part of the plea agreement, defendant reserved the right to appeal two issues: (1) the denial of his motion to dismiss the indictment for violation of the Speedy Trial Act; and

1

(2) the denial of his motion to dismiss the indictment for violation of his due process and double jeopardy rights. Although defendant raised both of those issues on direct appeal, the Ninth Circuit affirmed his conviction on June 4, 2001. United States v. Lam, 251 F.3d 852 (9th Cir. 2001).

On October 22, 2002, defendant filed his first petition for relief pursuant to §2255. In that petition, and in a supplemental petition filed one week later, defendant raised ten claims, including ineffective assistance of counsel and the alleged involuntariness of his guilty plea. In response, the government moved to dismiss the petition on the grounds that the defendant had waived his right to raise those claims. On March 6, 2003, this court granted the government's motion and dismissed Lam's §2255 petition. Defendant appealed from that order and, on December 19, 2003, the Ninth Circuit affirmed. Defendant's motion for rehearing and rehearing en banc was denied on April 6, 2004.

On October 18, 2004, petitioner sought leave from the Court of Appeals to file a second or successive § 2255 motion. On January 21, 2005, the Ninth Circuit denied that request. Meanwhile, on January 18, 2005, while defendant's motion was still pending in the Ninth Circuit, he filed with this court a "Motion to Vacate Guilty Plea" pursuant to Fed.R.Civ.P. 60(b) and a "Motion Requesting Judge to Voluntarily Disqualify." On May 2, 2005, this court entered an order dismissing that motion. In that order, the court observed:

> The filing of second or successive motions under section 2255 is prohibited unless the petitioner has obtained certification to do so from the Court

2

> ` of Appeals. Rule 60(b) may not be used circumvent [this prohibition]. There is no colorable claim of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party here. The instant motion is therefore barred . . . .

May 2, 2005 Order at 2.

In his present motion, in an apparent effort to cure the observed defects in his previous motion, defendant seeks to allege fraud committed by his attorney, the prosecuting attorneys, and the court.

## DISCUSSION

Defendant's present motion suffers from the same infirmities as his last one, in that it is equivalent to a successive motion under 18 U.S.C. § 2255.  Assuming his allegations against the United States Attorney, his own attorney and the court amount to allegations of "fraud," they do not bear any relation to his claims for relief.  The allegedly "fraudulent" conduct occurred in 1998 in connection with defendant's first trial, which resulted in a hung jury and mistrial.  His conviction and sentence resulted from his plea of guilty entered after and independent of his earlier trial.

As explained in this court's order of May 2, 2005, because the grounds asserted in support of defendant's present motion are the same as those which were raised, or at least could have been raised, in his earlier motion under 28 U.S.C. § 2255 filed on October 22, 2002, the present motion is prohibited unless the petitioner has obtained certification from the Court of Appeals. 28 U.S.C. § 2244.  <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).  Rule 60(b) may not be used to

3

circumvent the prohibitions of section 2244.  See <u>Thomas v. Calderon</u>, 151 F.3d 918, 920-21 (9th Cir. 1998).

        IT IS THEREFORE ORDERED that defendant's Motion for Relief Under Rule 60(b), filed September 15, 2005, be, and the same hereby is, DENIED.

DATED:  November 28, 2005

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4