1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11   UNITED STATES OF AMERICA,
                                      NO. CR. 97-54 WBS
12            Plaintiff,

13       v.                           ORDER RE: MOTION TO INVALIDATE
                                      GUILTY PLEA
14   TANH HUU LAM,

15            Defendant.
     _____/
16
                            ----oo0oo----
17

18            On June 25, 1999, defendant Tanh Huu Lam pled guilty to

19   committing arson resulting in death in violation of 18 U.S.C. §

20   844(i).  Defendant was then sentenced on September 15, 1999, to

21   life imprisonment, a $100,000 fine, and $115,000 in restitution.

22   Presently before the court is defendant's motion to invalidate

23   his guilty plea pursuant to Rule 11(e) of the Federal Rules of

24   Criminal Procedure.  The court of appeals affirmed his conviction

25   on June 4, 2001.  United States v. Lam, 251 F.3d 852 (9th Cir.),

26   cert. denied, 534 U.S. 1013 (2001).

27            Thereafter, defendant filed a petition for habeas

28   corpus pursuant to 28 U.S.C. § 2255, which he supplemented with

                                  1

additional claims ten days later, including a claim alleging that his guilty plea was involuntary.  The court held that defendant had procedurally defaulted this claim because he did not raise it on appeal, and the Ninth Circuit affirmed the court's decision on December 19, 2003.  United States v. Lam, 84 Fed. App'x 892 (9th Cir. 2003).

On January 18, 2005, defendant moved to vacate his guilty plea pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure and Rule 60(b) of the Federal Rules of Civil Procedure.  That motion was denied on May 2, 2005, and the court denied defendant's subsequent motion for reconsideration on May 20, 2005.  Thereafter, defendant filed another motion pursuant to Rule 60(b) on September 15, 2005, which challenged the integrity of his § 2255 proceedings.  The court again denied defendant's motion as a successive § 2255 petition on November 28, 2005.  Considering defendant's September 15, 2005 motion on its merits, the court of appeals affirmed in United States v. Lam, 228 Fed. App'x 739 (9th Cir. 2007).

As in his motion filed on January 18, 2005, defendant now moves once more to invalidate his guilty plea pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure.  That Rule instructs, "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."  Fed. R. Crim. P. 11(e).  Defendant contends that his guilty plea should be invalidated under this provision because he was "affirmatively misled by his court appointed lawyers, the government's attorneys, and the court," such that he entered his

guilty plea "without understanding the effect . . . of the plea." (Docket No. 431 at 1.)

It is well-established that "[o]nce a conviction is entered, the district court's jurisdiction over the matter is limited, and an attack on the conviction must have a jurisdictional basis." United States v. Monreal, 301 F.3d 1127, 1133 (9th Cir. 2002) (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)).  As Rule 11(e)'s text makes plain, that Rule does not establish an independent basis for jurisdiction to hear defendant's motion, and defendant's motion is properly construed as one made pursuant to § 2255.  See id. ("Generally, the vehicle for challenging a conviction in the district court is a 28 U.S.C. § 2255 petition."); United States v. Noriega-Millan, 110 F.3d 162, 166 (1st Cir. 1997) (providing that, after sentencing, "a defendant who seeks to set aside his guilty plea . . . may raise the claim only on direct appeal or by motion under 28 U.S.C. § 2255" (internal quotation marks omitted)); United States v. Orleans-Lindsay, 572 F. Supp.2d 144, 169 (D.D.C. 2008) ("[T]he Court is cognizant that although Petitioner frames his Motion as one to withdraw his guilty plea, it is in fact a motion to set aside his plea under 28 U.S.C. § 2255.").

Under 28 U.S.C. § 2255(h), "a second or successive habeas petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . . ."  A district court cannot permit a defendant to "circumvent the requirements of AEDPA by simply styling the petition" as a motion to invalidate his guilty plea.  Monreal, 301 F.3d at 1133; see United States v. Chilcote, 232 Fed. App'x 708, 709 (9th Cir.

3

1  2007) ("Had Chilcote styled this motion as a § 2255 petition, it
2  clearly would have been barred by the rule regarding successive §
3  2255 petitions.").

4          The Ninth Circuit's recent decision in <u>Phelps v.</u>
5  <u>Alameida</u>, 569 F.3d 1120 (9th Cir. 2009), does not affect the
6  court's decision here.  In <u>Phelps</u>, the Ninth Circuit reversed the
7  district court's refusal to reconsider its determination that the
8  defendant's Rule 60(b) motion was a successive habeas petition.
9  Because the Rule 60(b) motion in <u>Phelps</u> challenged the § 2255
10 proceedings rather than the original conviction, the Ninth
11 Circuit held that the district court should have reconsidered the
12 defendant's motion in light of <u>Gonzalez v. Crosby</u>, 545 U.S. 524
13 (2005), which held that such motions are not successive habeas
14 petitions.

15         Here, although the reasoning in <u>Phelps</u> and <u>Gonzalez</u> was
16 directly applicable to defendant's Rule 60(b) motion filed on
17 September 15, 2005, <u>see</u> <u>United States v. Lam</u>, 228 Fed. App'x 739
18 (9th Cir. 2007), it is not applicable to defendant's instant
19 motion to invalidate his guilty plea pursuant to Rule 11(e).
20 This motion challenges defendant's original conviction, not his
21 subsequent § 2255 proceeding, and the plain text of Rule 11(e)
22 states that such motions may be brought "only on direct appeal or
23 collateral attack."  Because the instant district-court
24 proceeding is not an appeal, it must be a collateral attack,
25 which in turn invokes § 2255(h)'s bar against successive habeas
26 petitions.

27         Accordingly, because defendant has not obtained an
28 order from the Ninth Circuit authorizing a successive petition

1  for habeas corpus, the court must deny his motion.  <u>United States</u>

2  <u>v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).

3          IT IS THEREFORE ORDERED that defendant's motion to

4  invalidate his guilty plea be, and the same hereby is, DENIED.

5  DATED:  August 19, 2009

7  _____
   WILLIAM B. SHUBB

8  UNITED STATES DISTRICT JUDGE

5