1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No. 2: 97-cr-0054 WBS KJN

12              Respondent,

13         v.                                  FINDINGS AND RECOMMENDATIONS

14    TANH HUU LAM,

15              Movant.

16

17         Pending before the court is movant's motion for relief from judgment. (ECF No. 461.)

18    For the following reasons, the undersigned recommends that movant's motion be denied.

19    Background

20         Movant was indicted on January 30, 1997, and was charged with arson resulting in death

21    and aiding and abetting arson in violation of 18 U.S.C. §§ 844(i) and 2. (ECF No. 370 at 1.)

22    Trial began on March 24, 1998, and resulted in a hung jury. (Id.) At trial, movant was

23    represented by Jeffrey Staniels, an assistant federal defender in the Federal Defender's Office for

24    the Eastern District of California. (Id.)

25         Subsequently, movant was re-indicted. (Id. at 2.) On December 18, 1998, the

26    government filed a notice of intent to seek the death penalty. (Id.) Thereafter, movant was

27    represented by Quin Denvir, Federal Defender for the Eastern District of California, and Judy

28    Clarke from the Federal Defender's Office of Eastern Washington and Idaho. (Id.) On April 30,

1

1   1999, movant filed motions to dismiss the indictment based on alleged violations of his

2   constitutional and statutory rights to a speedy trial and of his rights under the Due Process and

3   Double Jeopardy clauses of the Fifth Amendment.  (Id.)  These motions were denied on June 16,

4   1999.  (Id.)

5          On June 25, 1999, movant pleaded guilty.  (Id.)  Movant received a life sentence.  (Id.)

6          As part of his plea agreement, movant reserved the right to appeal two issues:  1) the

7   district court's denial of his speedy trial claims; and 2) the district court's denial of his motion to

8   dismiss the indictment for violations of his due process and double jeopardy rights.  (Id.)  Movant

9   proceeded to raise those two issues on appeal, and the Ninth Circuit affirmed on June 4, 2001.

10  (Id.)

11         On November 1, 2002, movant filed a motion pursuant to 28 U.S.C. § 2255.  (ECF No.

12  358.)  On March 6, 2003, the Honorable William B. Shubb granted respondent's motion to

13  dismiss the § 2255 motion.  (ECF No. 370.)   In particular, Judge Shubb found that movant's

14  claims were barred because they alleged constitutional violations that occurred before he entered

15  his guilty plea:

16              All of the grounds that petitioner asserts in his habeas petition are
            based on alleged constitutional violations that occurred before
17          petitioner entered his guilty plea. [Footnote 1 omitted.]  Petitioner,
            therefore, may only attack the voluntariness and intelligence of his
18          plea on habeas relief, not any antecedent constitutional violations.
            See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).  "And even
19          the voluntariness and intelligence of a guilty plea can be attacked
            on collateral review only if first challenged on direct review."
20          Bousley, 523 U.S at 621.  Because petitioner did not raise the
            voluntariness and intelligence of his plea on direct review, he is
21          barred from attacking it through habeas.

22  (Id. at 3-4.)

23         With respect to movant's ground three, i.e., his claim that counsel on appeal failed to raise

24  a conflict of interest issue, Judge Shubb found that while this claim technically occurred after the

25  entry of movant's guilty plea, the basis for the claim was a conflict of interest that allegedly

26  occurred because he was represented by members of the same federal defender's office at his trial

27  and after his re-indictment.  (Id. at 3 n.1.)  Therefore, Judge Shubb found that the facts underlying

28  movant's third ground for relief occurred before the entry of his guilty plea.  (Id.)

1    On April 15, 2004, the Ninth Circuit Court of Appeal affirmed Judge Shubb's March 6,

2  2003 order denying movant' § 2255 motion.  (ECF No. 378.)

3    On October 18, 2004, movant sought leave from the Ninth Circuit to file a second or

4  successive § 2255 motion.  (ECF No.  412 at 2.)  On January 24, 2005, the Ninth Circuit Court of

5  Appeal denied movant's application for authorization to file a second or successive motion

6  pursuant to 28 U.S.C. § 2255.  (ECF No. 381.)

7    On January 18, 2005, movant filed a motion to vacate his guilty plea pursuant to Rule

8  11(e) of the Federal Rules of Criminal Procedure and Rule 60(b) of the Federal Rules of Civil

9  Procedure.  (ECF No. 379.)  In this motion, movant challenged the validity of his conviction.

10  (Id.)  On May 2, 2005, Judge Shubb denied this motion.  (ECF No. 395.)  Judge Shubb found that

11  the grounds asserted in support of the motion to vacate the guilty plea were the same as those

12  which were raised, or at least could have been raised, in movant's earlier filed motion under 28

13  U.S.C. § 2255.  (Id. at 1.)  Judge Shubb noted the Ninth Circuit's previous order denying

14  movant's request to file a second or successive motion pursuant to 28 U.S.C. § 2255.  (Id. at 2.)

15    On September 15, 2005, movant filed another motion pursuant to Rule 60(b) which

16  challenged the integrity of his § 2255 proceedings.  (ECF No. 403.)  Citing Massaro v. United

17  States, 538 U.S. 500 (2003), movant argued, in part, that ineffective assistance of counsel claims

18  may be brought in a collateral § 2255 motion whether or not the movant could have raised them

19  on appeal.  (Id. at 11.)  On November 30, 2005, Judge Shubb denied this motion as a successive

20  motion pursuant to 28 U.S.C. 2. § 2255.  (ECF No. 412.)

21
    As explained in this court's order of May 2, 2005, because the
22  grounds asserted in support of defendant's present motion are the
    same as those which were raised, or at least could have been raised
23  in his earlier motion under 28 U.S.C. § 2255 filed on October 22,
    2002, the present motion is prohibited unless the petitioner has
24  obtained certification from the Court of Appeals. 28 U.S.C. § 2244.
    United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).  Rule
25  60(b) may not be used to circumvent the prohibitions of section
    2244.  See Thomas v. Calderon, 151 F.3d 918, 920-21 (9th Cir.
26  1998).

27  (Id. at 3-4.)

28  ////

1    On May 18, 2009, movant filed a motion to invalidate his guilty plea pursuant to Federal

2  Rule of Criminal Appeal 11(e).  (ECF No. 431.)  On August 20, 2009, Judge Shubb denied this

3  motion.  (ECF No. 446.)

4  Discussion

5    On May 12, 2014, movant filed the pending "motion for relief from judgment."  (ECF No.

6  461.)  Movant alleges that his motion is brought pursuant to Federal Rule of Criminal Procedure

7  52(b).  (Id. at 1.)  Movant argues that Judge Shubb erred in denying his original § 2255 motion on

8  the grounds that movant's guilty plea barred consideration of his pre-plea ineffective assistance of

9  counsel claims.  Movant requests that the court vacate this ruling and consider the merits of

10  claims 1-5 raised in his original § 2255 motion:  Claim one:  trial counsel Staniels was ineffective

11  for failing to file a motion to suppress and to double check the government's wrong translation

12  (id. at 7-9); Claims two and three:  appellate counsel had a conflict of interest (id. at 10-11);

13  Claim four:  movant was misled to enter a guilty plea by incompetent federal public defenders (id.

14  at 11-12); and Claim five:  movant was denied his right to self-representation and substitute

15  counsel (id.).

16    As discussed above, in denying the original § 2255 motion, Judge Shubb found that the

17  five claims set forth above were barred because they alleged constitutional violations that

18  occurred before movant entered his guilty plea.  In the pending motion, movant argues that at the

19  time the courts reviewed his first § 2255 motion, the law was "settled" that courts could consider

20  ineffective assistance of counsel claims in collateral proceedings, regardless of whether the

21  defendant plead guilty.  (ECF No. 461 at 4.)  Movant cites several cases in support of this

22  argument, including Massaro v. United States, supra, previously cited in movant's 60(b) motion

23  filed September 15, 2015.

24    *60(b) or Successive § 2255 Motion?*

25    Although movant states that his motion is brought pursuant to Federal Rule of Criminal

26  Procedure 52(b), motions for relief from judgment are brought pursuant to Federal Rule of Civil

27  ////

28  ////

1   Procedure 60(b).[1]  Accordingly, the undersigned first considers whether movant's motion is

2   properly brought pursuant to Federal Rule of Civil Procedure 60(b) or whether it is a successive §

3   2255 motion.

4         "A petitioner is generally limited to one motion under § 2255, and may not bring a

5   'second or successive motion' unless it meets the exacting standards of 28 U.S.C. 2255(h)."

6   United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  That section reads:

7
8
9
10
11
>           A second or successive motion must be certified as provided in
>           section 2244 [28 USC § 2244] by a panel of the appropriate court of
>           appeals to contain—(1) newly discovered evidence that, if proven
>           and viewed in light of the evidence as a whole, would be sufficient
>           to establish by clear and convincing evidence that no reasonable
>           factfinder would have found the movant guilty of the offense; or (2)
>           a new rule of constitutional law, made retroactive to cases on
>           collateral review by the Supreme Court, that was previously
>           unavailable.

12   28 U.S.C. § 2255(h).

13         To avoid § 2255(h), a petitioner will often attempt to characterize his motion in a way that

14   avoids the requirements of § 2255(h).  See Washington, 653 F.3d at 1059.  For example, a

15   petitioner sometimes attempts to characterize his motion as brought under Rule 60(b), which

16   allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for

17   example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances

18   support relief.  See id. at 1059–60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir.

19   2011).

20         "When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it

21   must meet the criteria set forth in § 2255(h)."  Washington, 653 F.3d at 1059–60; Buenrostro, 638

22   F.3d at 722.  Whether a motion is in fact a disguised § 2255 motion is governed by the analysis of

23   Gonzalez v. Crosby, 545 U.S. 524 (2005).  See Washington, 653 F.3d at 1062; Buenrostro, 638

24   F.3d at 722.  Generally, a motion that attacks a defect in the integrity of the federal habeas

25   proceeding is not a disguised § 2255 motion, but may instead be classified as a legitimate Rule

26   60(b) motion.  See Washington, 653 F.3d at 1059–60; Buenrostro, 638 F.3d at 722.  For example,

27

28   ――――――――――――――――
    [1]   Federal Rule of Criminal Procedure 52(b) defines "plain error."

5

1    fraud on the court is a legitimate Rule 60(b) basis/motion.  See Gonzalez, 545 U.S. at 532 n.5;

2    Washington, 653 F.3d at 1063.  Further, claims that a procedural error prevented a presentation of

3    claims on the merits, such as a ruling that there was a failure to exhaust, or a procedural default,

4    or a statute of limitations bar, properly may be brought in a Rule 60(b) motion.  See Gonzalez,

5    545 U.S. at 532 n.4; Washington, 653 F.3d at 1063.  However, "if the motion presents a 'claim,'

6    i.e. 'an asserted federal basis for relief from a ... judgment of conviction,' then it is, in substance,

7    a new request for relief on the merits and should be treated as a disguised 2255 motion."

8    Washington, 653 F.3d at 1063 (citing Gonzalez, 545 U.S. at 530); see also Buenrostro, 638 F.3d

9    at 722.  Examples of "claims" include:

10
11           a motion asserting "that owing to 'excusable neglect,' the movant's
             habeas petition had omitted a claim of constitutional error,"; a
             motion to present "newly discovered evidence" in support of a
12           claim previously denied; a contention "that a subsequent change in
             substantive law is a 'reason justifying relief' from the previous
             denial of a claim,"; a motion "that seeks to add a new ground for
13           relief,"; a motion that "attacks the federal court's previous
             resolution of a claim on the merits,"; a motion that otherwise
14           challenges the federal court's "determination that there exist or do
             not exist grounds entitling a petitioner to habeas corpus relief,"; and
15           finally, "an attack based on the movant's own conduct, or his
             habeas counsel's omissions.
16

17   Washington, 653 F.3d at 1063 (quoting Gonzalez, 545 U.S. at 530–32).

18           In the instant case, movant challenges the court's previous ruling that his claims are barred

19   by his guilty plea.  A movant does not present a habeas claim, which would constitute a

20   successive § 2255 motion, "when he merely asserts that a previous ruling which precluded a

21   merits determination was in error – for example, a denial for such reasons as failure to exhaust,

22   procedural default, or statute of limitations bar."  Gonzales, 545 U.S. at 532 n.4; Cook v. Ryan,

23   688 F. 3d 598, 608 (9th Cir. 2012).

24           A ruling that claims are waived as a result of a guilty plea is not a ruling on the merits.

25   See U.S. v. Jacobo Castillo, 496 F.3d 947, 958 (9th Cir. 2007) (quoting Tollett v. Henderson, 411

26   U.S. 258, 266 (1973)).  Accordingly, because movant challenges the court's previous finding that

27   his claims are barred by his guilty plea, i.e., not a ruling on the merits, his motion is properly

28   brought pursuant to Federal Rule of Civil Procedure 60(b).

1

*Timeliness of Movant's 60(b) Motion*

2

Rule 60(b) provides:

3

4

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

5

> (1) mistake, inadvertence, surprise, or excusable neglect;

6

7

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

8

9

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

10

11

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

12

> (6) any other reason that justifies relief.

13

14

Fed. R. Civ. P. 60(b).

15

Movant's motion is brought pursuant to Rule 60(b)(6), i.e., any other reason that justifies

16

relief.  Rule 60(c)(1) provides that a motion under subsection 60(b)(6) must be made within a

17

"reasonable time" after the entry of judgment or order or the date of the proceeding.

18

In the pending motion, filed May 12, 2014, movant challenges the denial of his original §

19

2255 motion.  Movant filed the pending motion approximately seven years after the Ninth Circuit

20

denied his appeal from the court's order denying his § 2255 motion.  As discussed above, in his

21

60(b) motion filed January 18, 2005, movant raised claims similar to those raised in the instant

22

action and even cited the same case in support of the claims raised in both motions, i.e., Massaro

23

v. United States, 538 U.S. 500 (2003).  In the pending motion, movant argues that the court erred

24

in finding his claims barred based on case law that allegedly existed at the time his original §

25

2255 motion was decided.  Movant offers no explanation regarding why he did not bring his

26

pending 60(b) motion sooner.

27

////

28

////

7

1     Based on the movant's unexplained seven year delay in bringing the instant motion, this

2   motion should be denied as untimely.  See Burton v. Spokane Police Dep't, 473 F.App'x 731 (9th

3   Cir. 2012) (lapse of almost two years between judgment and filing of 60(b)(6) motion was

4   unreasonable); In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991) (two years was too long for

5   debtor to wait before filing motion for relief from default judgment entered against him in

6   bankruptcy proceedings); In re Internt'l Fibercom, Inc., 503 F.3d 933, 945 (9th Cir. 2007)

7   ("[R]elief under 60(b) should be granted only where the moving party is able to demonstrate that

8   'circumstances beyond its control prevented timely action to protect its interests.")

9     *Merits*

10    Assuming movant's motion is not untimely, the motion is without merit.  Rule 60(b)(6) is

11  to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

12  where extraordinary circumstances exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

13    "When a criminal defendant has solemnly admitted in open court that he is in fact guilty

14  of the offense with which he is charged, he may not thereafter raise independent claims relating to

15  the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett

16  v. Henderson, 411 U.S. 258, 267 (1972).  While movant alleges that a guilty plea does not

17  preclude consideration of pre-plea ineffective assistance of counsel claims, the Ninth Circuit has

18  specifically found that a defendant's guilty plea waives his claims of pre-plea ineffective

19  assistance of counsel.  See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam).

20  Accordingly, movant has not demonstrated that the court erred in finding that his ineffective

21  assistance of counsel claims were barred based on his guilty plea.

22    Accordingly, IT IS HEREBY RECOMMENDED that movant's motion for relief from

23  judgment (ECF No. 461) be denied and that a certificate of appealability not be issued.

24    These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1   objections shall be filed and served within fourteen days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time waives the right to

3   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  March 12, 2015

5

6   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10   Lam.ord

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28