UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>TANH HUU LAM,<br><br>    Movant. | No. 2:97-cr-0054 WBS KJN P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Movant is a federal prisoner, proceeding without counsel. Pending before the court is movant's January 30, 2017 motion for relief from judgment.[1] (ECF No. 479.) For the following reasons, the undersigned recommends that this motion be denied.

Background

On June 25, 1999, movant pleaded guilty to committing arson resulting in death, in violation of 18 U.S.C. §§ 844(i) and 2. On November 1, 2002, movant filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 358.) On March 6, 2003, the Honorable William B. Shubb granted respondent's motion to dismiss the § 2255 motion. (ECF No. 370.) Judge Shubb found that movant's claims were barred because they alleged constitutional violations that occurred before he entered his guilty plea. (Id. at 3-4.) Judge Shubb also found that movant's failure to raise the

---

[1] On February 1, 2017, the Honorable William B. Shubb referred this motion to the undersigned.

1

voluntariness and intelligence of his plea on direct review barred him from attacking it through his habeas petition. (Id.)

On April 15, 2004, the Ninth Circuit Court of Appeals affirmed Judge Shubb's March 6, 2003 order denying movant's § 2255 motion. (ECF No. 378.) On October 18, 2004, movant sought leave from the Ninth Circuit to file a second or successive § 2255 motion. (ECF No. 412 at 2.) On January 24, 2005, the Ninth Circuit denied movant's application for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255. (ECF No. 381.)

On January 18, 2005, movant filed a motion to vacate his guilty plea pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure and Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 379.) In this motion, movant challenged the validity of his conviction. (Id.) On May 3, 2005, Judge Shubb denied this motion. (ECF No. 395.) Judge Shubb found that the grounds asserted in support of the motion to vacate the guilty plea were the same as those which were raised, or at least could have been raised, in movant's earlier filed motions under 28 U.S.C. § 2255. (Id. at 1.) Judge Shubb noted the Ninth Circuit's previous order denying movant's request to file a second or successive motion pursuant to 28 U.S.C. § 2255. (Id. at 2.)

On September 15, 2005, movant filed another motion pursuant to Rule 60(b) which challenged the integrity of his § 2255 proceedings. (ECF No. 403.) On November 30, 2005, Judge Shubb denied this motion as a successive motion pursuant to 28 U.S.C. § 2255. (ECF No. 412.)

On May 18, 2009, movant filed a motion to invalidate his guilty plea pursuant to Federal Rule of Criminal Procedure 11(e). (ECF No. 431.) On August 20, 2009, Judge Shubb denied this motion. (ECF No. 446.)

On May 12, 2014, movant filed a motion for relief from judgment. (ECF No. 461.) Movant argued that Judge Shubb erred in denying his original § 2255 motion on the grounds that movant's guilty plea barred consideration of his pre-plea ineffective assistance of counsel claims. (Id.)

On March 13, 2015, the undersigned recommended that movant's May 12, 2014 motion for relief from judgment be denied. (ECF No. 465.) Judge Shubb adopted the March 13, 2015

findings and recommendations on April 28, 2015.  (ECF No. 470.)

Pending Motion

Movant labels the pending motions as a "motion for relief from the judgement…" (ECF No. 479 at 1.)  Although somewhat difficult to understand, it appears that movant is arguing that Judge Shubb erred in finding that his claims raised in his original § 2255 motion challenging the voluntariness and intelligence of his plea were barred because he failed to raise them on direct appeal.  (Id. at 5-10.)  Movant appears to argue that the Supreme Court in Massaro v. United States, 538 U.S. 500 (2003) held that ineffective assistance of counsel claims may be raised in a § 2255 motion whether or not they were previously raised on appeal.  (Id.)  Movant cites several district court cases allegedly citing Massaro for this proposition.  (Id.)

Movant raised his argument regarding Massaro in his motion for relief from judgment filed on September 15, 2005.  (ECF No. 403).  On November 30, 2005, Judge Shubb denied this motion as a successive motion pursuant to 28 U.S.C. § 2255.  (ECF No. 412.)  Accordingly, the undersigned recommends that the instant motion also be denied as a successive motion under 28 U.S.C. § 2255.  Movant has not obtained a certificate from the Ninth Circuit Court of Appeals permitting him to proceed with this successive § 2255 motion.  See 28 U.S.C. § 2255(h).

Applications to Proceed In Forma Pauperis and Motion for Appointment of Counsel

Apparently in support of the pending motion, movant has filed two separate applications to proceed in forma pauperis.  (ECF Nos. 477, 480.)  A motion under § 2255 is filed as part of the underlying criminal prosecution, and therefore does not require payment of a filing fee as does a petition for a writ of habeas corpus.  See 28 U.S.C. § 2255.  Because movant was not required to pay any fees to file this motion, there is no need for movant to proceed in forma pauperis.  Accordingly, the motions to proceed in forma pauperis are denied as unnecessary.

Movant has also filed a motion for the appointment of counsel.  (ECF No. 482.)  Because the undersigned recommends that the pending motion be denied as a successive § 2255 motion, movant's motion for appointment of counsel is denied.

////

////

3

Accordingly, IT IS HEREBYORDERED that:

1. Movant's motions to proceed in forma pauperis (ECF Nos. 477, 480) are denied;

2. Movant's motion for appointment of counsel (ECF No. 482) is denied;

IT IS HEREBY RECOMMENDED that movant's motion for relief from judgment (ECF No. 479), construed as a successive motion pursuant to 28 U.S.C. § 2255, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, movant may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 19, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lam54.fr