UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>TANH HUU LAM,<br><br>Movant. | No. 2: 97-cr-0054 WBS KJN<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Pending before the court is movant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 493.) For the following reasons, the undersigned recommends that movant's motion be denied as untimely.

<u>Background</u>

Movant was indicted on January 30, 1997, and was charged with arson resulting in death and aiding and abetting arson in violation of 18 U.S.C. §§ 844(i) and 2. (ECF No. 370 at 1.) Trial began on March 24, 1998, and resulted in a hung jury. (<u>Id.</u>) At trial, movant was represented by Jeffrey Staniels, an assistant federal defender in the Federal Defender's Office for the Eastern District of California. (<u>Id.</u>)

Subsequently, movant was re-indicted. (<u>Id.</u> at 2.) On December 18, 1998, the government filed a notice of intent to seek the death penalty. (<u>Id.</u>) Thereafter, movant was represented by Quin Denvir, Federal Defender for the Eastern District of California, and Judy

1

Clarke from the Federal Defender's Office of Eastern Washington and Idaho. (Id.) On April 30, 1999, movant filed motions to dismiss the indictment based on alleged violations of his constitutional and statutory rights to a speedy trial and of his rights under the Due Process and Double Jeopardy Clauses of the Fifth Amendment. (Id.) These motions were denied on June 16, 1999. (Id.)

On June 25, 1999, movant pleaded guilty. (Id.) Movant received a life sentence. (Id.)

As part of his plea agreement, movant reserved the right to appeal two issues: 1) the district court's denial of his speedy trial claims; and 2) the district court's denial of his motion to dismiss the indictment for violations of his due process and double jeopardy rights. (Id.) Movant proceeded to raise those two issues on appeal, and the Ninth Circuit affirmed on June 4, 2001. (Id.)

On November 1, 2002, movant filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 358.) On March 6, 2003, the Honorable William B. Shubb granted respondent's motion to dismiss the § 2255 motion. (ECF No. 370.) In particular, Judge Shubb found that movant's claims were barred because they alleged constitutional violations that occurred before he entered his guilty plea:

> All of the grounds that petitioner asserts in his habeas petition are based on alleged constitutional violations that occurred before petitioner entered his guilty plea. [Footnote 1 omitted.] Petitioner, therefore, may only attack the voluntariness and intelligence of his plea on habeas relief, not any antecedent constitutional violations. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley, 523 U.S at 621. Because petitioner did not raise the voluntariness and intelligence of his plea on direct review, he is barred from attacking it through habeas.

(Id. at 3-4.)

With respect to movant's ground three, i.e., his claim that counsel on appeal failed to raise a conflict of interest issue, Judge Shubb found that while this claim technically occurred after the entry of movant's guilty plea, the basis for the claim was a conflict of interest that allegedly occurred because he was represented by members of the same federal defender's office at his trial and after his re-indictment. (Id. at 3 n.1.) Therefore, Judge Shubb found that the facts underlying

2

1  movant's third ground for relief occurred before the entry of his guilty plea.  (Id.)

2  On April 15, 2004, the Ninth Circuit affirmed Judge Shubb's March 6, 2003 order denying movant' § 2255 motion.  (ECF No. 378.)

On October 18, 2004, movant sought leave from the Ninth Circuit to file a second or successive § 2255 motion.  (ECF No. 412 at 2.)  On January 24, 2005, the Ninth Circuit Court of Appeal denied movant's application for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255.  (ECF No. 381.)

On January 18, 2005, movant filed a motion to vacate his guilty plea pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure and Rule 60(b) of the Federal Rules of Civil Procedure.  (ECF No. 379.)  In this motion, movant challenged the validity of his conviction.  (Id.)  On May 2, 2005, Judge Shubb denied this motion.  (ECF No. 395.)  Judge Shubb found that the grounds asserted in support of the motion to vacate the guilty plea were the same as those which were raised, or at least could have been raised, in movant's earlier filed motion under 28 U.S.C. § 2255.  (Id. at 1.)  Judge Shubb noted the Ninth Circuit's previous order denying movant's request to file a second or successive motion pursuant to 28 U.S.C. § 2255.  (Id. at 2.)

On September 15, 2005, movant filed a motion pursuant to Rule 60(b) challenging the integrity of his § 2255 proceedings.  (ECF No. 403.)  Citing Massaro v. United States, 538 U.S. 500 (2003), movant argued, in part, that ineffective assistance of counsel claims may be brought in a collateral § 2255 motion whether or not the movant could have raised them on appeal.  (Id. at 11.)  On November 30, 2005, Judge Shubb denied this motion as a successive motion pursuant to 28 U.S.C. 2. § 2255.  (ECF No. 412.)

> As explained in this court's order of May 2, 2005, because the grounds asserted in support of defendant's present motion are the same as those which were raised, or at least could have been raised in his earlier motion under 28 U.S.C. § 2255 filed on October 22, 2002, the present motion is prohibited unless the petitioner has obtained certification from the Court of Appeals. 28 U.S.C. § 2244. United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). Rule 60(b) may not be used to circumvent the prohibitions of section 2244. See Thomas v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998).

(Id. at 3-4.)

3

On May 18, 2009, movant filed a motion to invalidate his guilty plea pursuant to Federal Rule of Criminal Appeal 11(e).  (ECF No. 431.)  On August 20, 2009, Judge Shubb denied this motion.  (ECF No. 446.)

On May 12, 2014, movant filed a "motion for relief from judgment."  (ECF No. 461.)  On March 13, 2015, the undersigned recommended that this motion be denied.  (ECF No. 465.)  On April 28, 2015, Judge Shubb adopted the March 13, 2015 findings and recommendations.  (ECF No. 470.)

On January 30, 2017, movant filed a motion for relief from judgment.  (ECF No. 479.)  On April 19, 2017, the undersigned recommended that this motion be denied.  (ECF No. 484.)  On May 18, 2017, Judge Shubb adopted the April 19, 2017 findings and recommendations.  (ECF No. 487.)

Discussion

On January 14, 2022, movant filed the pending motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  (ECF No. 493.)  In this motion, movant appears to challenge Judge Shubb's March 6, 2003 order granting respondent's motion to dismiss his original § 2255 motion.  Movant argues that in the supplemental § 2255 motion, filed in support of the original § 2255 motion, movant "charged" Judge Shubb with making false statements to cover-up for Judge Shubb's failure to conduct an adequate inquiry into movant's request for substitute counsel or to represent himself.  (Id. at 5.)  Movant appears to argue that Judge Shubb should have recused himself from considering the original § 2255 motion based on the allegation of misconduct made against Judge Shubb in the supplemental § 2255 motion.  (Id. at 5-7.)  On these grounds, movant requests that his original § 2255 motion be reopened and considered on the merits.  (Id. at 13.)

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence,

4

      could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    Movant's motion is brought pursuant to Rule 60(b)(6), i.e., any other reason that justifies relief. Rule 60(c)(1) provides that a motion under subsection 60(b)(6) must be made within a "reasonable time" after the entry of judgment or order or the date of the proceeding. As discussed above, in the pending motion movant argues that Judge Shubb should have recused himself from the original § 2255 motion. Movant filed the pending motion approximately nineteen years after Judge Shubb denied the original § 2255 motion.

    In the pending motion, movant addresses the timeliness of his pending motion. Movant states that in his previous motions challenging Judge Shubb's ruling on his original § 2255 motion, he made the wrong arguments due to lack of resources and legal training. (ECF No. 493 at 4.) Movant also cites his inability to learn the grounds he should raise in his Rule 60(b) motions without counsel and his limited English. (Id.)

    "A party seeking to re-open a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (citation omitted). "Rule 60(b)(6)'s catch-all provision ... 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Fantasyland Video, Inc. v. Cty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (citation omitted).

    "What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to

5

1   learn earlier of the grounds relied upon, and prejudice to the other parties." Lemoge v. United
2   States, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (internal quotations and citations omitted).  Courts
3   have routinely held that delays of less than three years in seeking Rule 60(b)(6) relief are not
4   reasonable.  See, e.g., Hogan v. Robinson, 2009 WL 1085478, at *4 (E.D. Cal. April 22, 2009)
5   (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after
6   plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was
7   untimely); Henry v. Lindsey, 2008 WL 4594948, at *2 (N.D. Cal. Oct. 15, 2008) (Rule 60(b)(6)
8   motion untimely where the petitioner waited "an additional two and a half years" after the Ninth
9   Circuit's affirmance before filing); Swait v. Evans, 2008 WL 4330291, at *5-6 (C.D. Cal. Sept.
10  22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid
11  explanation for his two-year delay" in filing).

12      Movant knew of the factual grounds of the pending motion at the time he filed his
13  supplemental § 2255 motion in 2002, i.e., the alleged misconduct committed by Judge Shubb
14  discussed in the supplemental § 2255 motion.  In the pending motion, movant appears to argue
15  that he recently learned that he could move for Judge Shubb's recusal from the original § 2255
16  motion based on the allegations of misconduct raised in the supplemental § 2255 motion.  For the
17  following reasons, the undersigned is not persuaded by this argument.

18      On January 18, 2005 and March 2, 2015, movant filed motions to recuse Judge Shubb on
19  grounds different from those raised in the pending motion.  (ECF Nos. 380, 463.)  Judge Shubb
20  denied these motions.  (ECF Nos. 383, 464.)  Therefore, movant knew of the procedure for
21  requesting recusal over ten years ago.

22      The undersigned also observes that the cases cited by movant in the pending motion in
23  support of his claim that Judge Shubb should have recused himself from considering his § 2255
24  motion are not recent.  Movant cites Crater v. Galaza, 491 F.3d 1119 (9th Cir. 2007), Mayberry v.
25  Pennsylvania, 400 U.S. 455 (1971), Hurles v. Ryan, 752 F.3d 768 (9th Cir. 2014), Clarke v. State
26  of California, 2016 U.S. Lexis. 19997 (Feb. 18, 2016), etc.  (ECF No. 493 at 6-7.)  In other
27  words, the argument made in the pending motion is not based on new law.
28  ////

As discussed above, movant previously filed several motions challenging his conviction. After reviewing these motions, the undersigned is not persuaded by movant's claim that his limited English prevented him from timely raising the claims raised in the pending motion.

While movant is a layperson, movant's previous motions contain legal briefing and demonstrate that movant had some access to a law library or law books.  For this reason, the undersigned is not persuaded by movant's argument that a "lack of resources" prevented him from timely raising the claims raised in the pending motion.

For the reasons discussed above, the undersigned finds that movant failed to demonstrate that circumstances beyond his control prevented him from timely raising the claims raised in the pending motion.  Accordingly, the pending motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is not timely and should be denied.

Movant filed a motion for appointment of counsel to assist him in prosecuting the pending motion.  (ECF No. 495.)  Because the undersigned recommends that the pending motion for relief from judgment be denied, movant's motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that movant's motion for appointment of counsel (ECF No. 495) is denied; and

IT IS HEREBY RECOMMENDED that movant's relief from judgment (ECF No. 493) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 29, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lam.ord(2)