UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TANH HUU LAM,<br><br>  Defendant. | No. 2:97-cr-0054 WBS CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

Pending before the Court is defendant's motion to dismiss the indictment, which defendant filed on February 27, 2025 pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure and which was referred to the undersigned. (ECF Nos. 517, 519.) The defendant's underlying conviction was affirmed by the Ninth Circuit Court of Appeals on June 4, 2001. See United States v. Lam, 251 F.3d 852 (9th Cir. 2001). In addition, on January 21, 2005, the Ninth Circuit denied defendant leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. (See ECF No. 381.) For the following reasons, this Court recommends that defendant's motion to dismiss the indictment be denied.

**II. BACKGROUND**

On January 30, 1997, defendant was indicted and charged with arson resulting in death and aiding and abetting arson in violation of 18 U.S.C. §§ 844(i) and 2. (See ECF No. 370 at 1.)

1

1 | Trial began on March 24, 1998 and resulted in a hung jury. (See id.) Subsequently, defendant
2 | was reindicted. (See id. at 2.) On June 25, 1999, defendant pled guilty to committing arson
3 | resulting in death in violation of 18 U.S.C. §§ 844(i) and 2. (See id.) On June 4, 2001, the Ninth
4 | Circuit Court of Appeals affirmed defendant's conviction. See United States v. Lam, 251 F.3d
5 | 852 (9th Cir. 2001). On October 29, 2001, the United States Supreme Court denied defendant's
6 | petition for writ of certiorari. See United States v. Lam, 534 U.S. 1013 (2001).

7 | On October 22, 2002, defendant filed his first motion pursuant to 28 U.S.C. § 2255. (ECF
8 | No. 353.) On October 28, 2002, defendant filed a supplemental motion pursuant to
9 | 28 U.S.C. § 2255. (ECF No. 354.) On March 6, 2003, the Court granted the government's
10 | motion to dismiss defendant's motions brought pursuant to 28 U.S.C. § 2255 on the grounds that
11 | defendant waived his right to raise the claims brought in the motions. (ECF No. 370.) Defendant
12 | appealed this decision, and on December 19, 2003, the Ninth Circuit affirmed this decision. (See
13 | ECF No. 412 at 2.)

14 | On October 18, 2004, defendant sought leave from the Ninth Circuit Court to file a second
15 | or successive motion pursuant to 28 U.S.C. § 2255. (See id.) On January 21, 2005, the Ninth
16 | Circuit denied that request. (See id.; ECF No. 381.)

17 | On January 18, 2005, defendant filed a motion to vacate his guilty plea pursuant to Rule
18 | 11(c) of the Federal Rules of Criminal Procedure and Rule 60(b) of the Federal Rules of Civil
19 | Procedure. (ECF No. 379.) On May 3, 2005, the Court denied this motion. (ECF No. 395.) On
20 | September 15, 2005, defendant filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil
21 | Procedure challenging the integrity of his Section 2255 proceedings. (ECF No. 403.) On
22 | November 30, 2005, the Court denied this motion as a successive motion pursuant to 28 U.S.C.
23 | § 2255. (ECF No. 412.) On May 18, 2009, defendant filed a motion to invalidate his guilty plea
24 | pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (ECF No. 431.) On August 20,
25 | 2009, the Court denied this motion. (ECF No. 446.) On May 12, 2014, defendant filed a motion
26 | for relief from judgment. (ECF No. 461.) On April 28, 2015, the Court denied this motion.
27 | (ECF No. 470.) On January 30, 2017, defendant filed a motion for relief from judgment. (ECF
28 | No. 479.) On May 18, 2017, the Court denied this motion. (ECF No. 487.) On January 14,

1  2022, defendant filed a motion for relief from judgment.  (ECF No. 493.)  On September 27,

2  2022, the Court denied this motion.  (ECF No. 511.)  Defendant then filed a request for a

3  certificate of appealability to challenge the Court's denial of his post-judgment motions, which

4  the Ninth Circuit denied on January 17, 2024.  (ECF No. 515.)

**III.  DISCUSSION**

On February 17, 2025, defendant filed the pending motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure.  (ECF No. 517.)  In this motion, defendant argues that the Court lacked jurisdiction because the indictment resulted from false evidence and false testimony presented to the grand jury by the government.  (Id. at 1.)  In particular, defendant argues that the government knowingly presented to the grand jury misleading testimony, through an interpreter, regarding when defendant purchased gas cans.[1]  (Id. at 2, 5.)  Defendant also argues that the government knowingly presented to the grand jury perjured testimony by defendant's ex-wife.  (Id. at 3-4.)

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that, "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending."  "A case is no longer 'pending' within the meaning of Federal Rules of Criminal Procedure 12(b)(2), the typical vehicle under which a motion to dismiss an indictment is brought, after the judgement becomes final."  United States v. Johnson, 2020 WL 1082640, at *2 (N.D. Cal. Mar. 6, 2020) (citing United States v. Rios-Hernandez, 2013 WL 4857952, at *1 (D. Nev. Sept. 10, 2013); Clay v. United States, 537 U.S. 522, 525–27 (2003) (finding a judgment of conviction becomes final in the context of post-conviction relief when the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari, or when the time for seeking certiorari review expires)).  As discussed above, on June 4, 2001, the Ninth Circuit Court of Appeals affirmed defendant's conviction, and on October 29, 2001 the United States Supreme Court denied defendant's petition for writ of certiorari.  Therefore, defendant's motion pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure is untimely because movant's criminal case

---

[1]  This claim appears to have been raised and rejected on appeal.  See Lam, 251 F.3d at 862.

3

1  became final long before defendant filed the pending motion.

2  An otherwise untimely motion to dismiss the indictment may be treated as a motion to vacate the sentence under Section 2255. See Johnson, 2020 WL 1082640, at *2 (citing Rios-Hernandez, 2013 WL 4857952, at *1). As discussed above, because defendant previously filed a Section 2255 motion, the instant motion would be second or successive. The Court may not consider a second or successive Section 2255 motion absent a certificate from the Ninth Circuit authorizing it to do so. See 28 U.S.C. § 2255(h); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) ("A petitioner is generally limited to one motion under § 2255, and [he] may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."). No such certificate has been filed in this case regarding the pending motion. Accordingly, because the Ninth Circuit has not authorized the filing of a second or successive Section 2255 motion in this case, this Court is without jurisdiction to consider defendant's motion to the extent it may be construed as a motion pursuant to Section 2255.

Defendant is warned to stop filing frivolous motions, duplicative motions that have already been denied, or second/successive Section 2255 motions without first obtaining authorization from the Ninth Circuit as required. The Ninth Circuit previously denied the defendant's request to file a second or successive Section 2255 motion in this case, and also previously denied the defendant a certificate of appealability to challenge the Court's September 2022 denial of his post-judgment motions. **If the defendant files another Section 2255 motion without first obtaining authorization from the Ninth Circuit as required, that unauthorized motion will be summarily denied for lack of jurisdiction.**

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss the indictment (ECF No. 517) be denied; to the extent defendant's motion to dismiss the indictment is considered a motion pursuant to Section 2255, the motion should be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, defendant may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Lam.fr/2